RECEIVED
APR 1 0 2006

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| FRANCES W. STRICKLAND | CIVIL ACTION NO. 06-0125 |
| VS. | JUDGE DOHERTY |
| ALBERTSONS, INC. | MAGISTRATE JUDGE METHVIN |

## ORDER REQUIRING SUBMISSION ON JURISDICTIONAL AMOUNT

This personal injury lawsuit was removed from a local state court based on the allegation of defendant Albertson's, Inc. that the matter in controversy exceeds $75,000 and that this court therefore has diversity jurisdiction under 28 U.S.C. §1332. Defendant's allegation as to the amount in controversy is unsupported by specific facts.

A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

In accordance with state law,[1] plaintiff has not specified the numerical value of her damage claim. The undersigned further concludes that the jurisdictional amount is not otherwise "facially apparent" from the complaint. Simon, 193 F.3d at 850. Plaintiff Frances Strickland alleges that on December 21, 2004, she tripped and fell over a torn doormat while leaving an Albertsons's grocery store, injuring her back, shoulder, head, neck, elbows, arms, ribs, legs,

---

[1] La.Code Civ.P. art. 893.

knees and ankles. Strickland seeks damages for the foregoing injuries, as well as past and future medical expenses, pain and suffering, and loss of enjoyment of life.

In removal cases in which the jurisdictional amount is not "facially apparent," the court may require the removing party to submit "summary-judgment-type evidence, <u>relevant to the amount in controversy at the time of removal</u>." <u>Allen v. R&H Oil & Gas Co.</u>, 63 F.3d 1326, 1336 (5th Cir. 1995) (emphasis added). Relevant jurisdictional facts which should be included in the response to this Order include the following: (1) a description of the nature and severity of plaintiff's injuries; (2) plaintiff's diagnosis, including whether surgery was recommended at the time of removal; (3) whether the plaintiff underwent surgery by the time of removal, and the nature thereof; (4) duration of medical treatment; (5) dollar amount of medicals incurred at the time of removal; (6) time of removal estimate of the dollar amount of medicals which plaintiff will probably incur in the future based upon the medical diagnosis; (7) lost wages incurred at time of removal; (8) lost wages which plaintiff will probably incur in the future based upon the medical diagnosis; and (9) citations to caselaw involving similar facts which reflect verdicts in the amount of $75,000.00 or more. These facts should be presented in summary-judgment-type evidence.

**IT IS THEREFORE ORDERED** that *on or before May 10, 2006,* defendant shall file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists. Supporting documentation and/or affidavits are advisable. A copy of the memorandum shall be provided to the undersigned an opposing counsel.

3

Plaintiff will be allowed ten days to reply to defendant's arguments.

Signed at Lafayette, Louisiana on April 10, 2006.

C. Michael Hill
United States Magistrate Judge